**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0378-24

JOANNE MAURICE,

    Plaintiff-Appellant,

v.

FLORENCE MAURICE,

    Defendant-Respondent.

_____

Submitted January 14, 2026 – Decided January 22, 2026

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4083-22.

Lawrence H. Kleiner, LLC, attorneys for appellant (Elizabeth Tatkow-Flack, of counsel and on the briefs).

Gregory P. Helfrich & Associates, attorneys for respondent (Joseph W. Lennon, on the brief).

PER CURIAM

In this negligence claim for injuries suffered in a trip and fall accident, plaintiff appeals the trial court's orders granting defendant summary judgment and denying reconsideration. The trial court found plaintiff failed to establish the breach and causation elements of her negligence claim. On appeal, plaintiff argues the trial court erred because plaintiff's testimony created genuine issues of material fact. She further contends the court erred by finding that a liability expert was required to show causation.

We affirm.

I.

Plaintiff, Joanne Maurice, is the sister of defendant, Florence Maurice. In July 2021, plaintiff moved into defendant's home. Upon plaintiff's return to defendant's home during the late evening of August 13, 2021, she found the doors locked and was without a key to enter. Plaintiff walked through the backyard to enter the home through a basement door which was unlocked. She held the accompanying railing and proceeded down a concrete stairway to reach the basement door. Plaintiff claims she had never used this entrance prior to this evening as she did not stay in the basement, but in the main area of the home. When plaintiff reached to open the door, she tripped over a concrete lip

and fell. Plaintiff was injured and required two surgeries to repair the damage to her left foot.

Alleging that the lack of lighting on the stairs caused her to miss the concrete lip and fall, plaintiff sued defendant, alleging negligence. By the close of discovery, which took place over 550 days, plaintiff provided medical expert reports to support her claims, but little discovery on liability. Plaintiff failed to provide photographs of the accident site during the discovery period, or produce a liability expert to offer an opinion of the causal relationship between the condition of the stairwell and plaintiff's fall and subsequent injury. Defendant moved for summary judgment, arguing plaintiff offered no evidence to support her negligence claim.

After argument, the trial court granted summary judgment on August 16, 2024, finding plaintiff failed to show how the absence of lighting, contributed to by an act or omission of defendant, caused her injuries. The trial court found plaintiff's photos, submitted after the close of discovery and in opposition to defendant's summary judgment motion, unreliable due to their poor quality, and further found that plaintiff failed to produce a liability expert who could opine as to how the alleged absence of lighting combined with the presence of the

A-0378-24

concrete lip amounted to a breach of duty or causation by defendant.  The trial court then denied reconsideration.

Plaintiff appealed.

## II.

A trial court's grant or denial of summary judgment is reviewed de novo, applying the same standard used by the trial court.  N.J. Coal. of Auto. Retailers, Inc. v. Ford Motor Co., 261 N.J. 348, 357 (2025).  We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  In re Est. of Jones, 259 N.J. 584, 594 (2025) (quoting Padilla v. Young Il An, 257 N.J. 540, 547 (2024)).

Our Supreme Court has held that:

> Summary judgment should be granted, in particular, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."
>
> [Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).]

4

Rule 4:46-2(c) states a motion for summary judgment will be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."

We review a trial court's grant or denial of a motion for reconsideration under Rule 4:49-2 for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Abuse of discretion occurs when the trial court makes its decision "without rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Kornbleuth v. Westover, 241 N.J. 289, 300-01 (2020) (alterations in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

III.

A.

Plaintiff argues summary judgment was inappropriate, as her testimony would have created a genuine issue of material fact and a liability expert was unnecessary. We disagree.

"The fundamental elements of a negligence claim are [(1)] a duty of care owed by the defendant to the plaintiff, [(2)] a breach of that duty by the

defendant, [(3)] injury to the plaintiff proximately caused by the breach, and [(4)] damages." Coleman v. Martinez, 247 N.J. 319, 337 (2021) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). "It is the obligation of the plaintiff to prove each element." Ibid. (citing Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)).

We require plaintiffs to "establish the existence of negligence 'by some competent proof,' because '[n]egligence is a fact which must be shown and which will not be presumed.' 'The mere showing of an incident . . . is not alone sufficient to authorize the finding of an incident of negligence.'" Franco v. Fairleigh Dickinson Univ., 467 N.J. Super. 8, 25 (App. Div. 2021) (alteration in original) (internal citations omitted) (first quoting Townsend v. Pierre, 221 N.J. 36, 51 (2015); and then quoting Long v. Landy, 35 N.J. 44, 54 (1961)).

Defendant does not dispute that she owed a duty of care to plaintiff. Further, neither party disputes that plaintiff fell while entering defendant's home, sustaining injuries. It follows that our analysis narrows to breach of duty and causation. First, we must determine whether plaintiff met her burden on summary judgment to show defendant breached a duty of care to her. Second, we must determine whether plaintiff offered any material fact tending to prove a causal relationship between the lack of lighting on the stairs and her fall.

A-0378-24

We address the breach of duty question first.

It is a well-settled principle that homeowners owe a duty to warn their guests of dangerous conditions on the property of which the owner is aware or has reason to be aware that may create an unreasonable risk of injury. Parks v. Rogers, 176 N.J. 491, 494 (2003).

> A landowner, however, is "not required to provide greater safety on his premises for a social guest than he would for himself. For example, the landowner does not have a duty to scour the premises to discover latent defects." In some cases, when it is abundantly clear that the risk of danger is open, obvious, and easily understood, there may be no duty to warn.
>
> [Bagnana v. Wolfinger, 385 N.J. Super. 1, 4 (App. Div. 2006) (quoting Parks, 176 N.J. at 498).]

Plaintiff offers no competent evidence, other than her own testimony, to establish that: defendant had a duty to provide lighting on the basement steps; defendant created an unreasonable risk of injury by failing to provide one; and the alleged absence of lighting caused her fall. Plaintiff produced no statute or regulation which required defendant to install and maintain a light on her basement steps. The record shows plaintiff never conducted a site inspection to establish the alleged dangerous and hazardous condition, did not provide adequate photographs to depict the site, and failed to offer expert testimony as to defendant's liability.

7

Additionally, plaintiff's answers to interrogatories and her deposition testimony offered conflicting accounts of the events surrounding her fall and subsequent injury. Plaintiff testified that she was able to walk through the pitch-black backyard and down the steps to the basement without issue because it was routine, despite also testifying that she never used this entrance before. Plaintiff claimed she did not live in the basement apartment because it had mold, but had a phone charger readily available there to charge her phone and make a call, as well as a bed to rest on after her fall. Her four pets also lived in the basement apartment.

"A plaintiff cannot surmount a defendant's motion for summary judgment with proofs that are contradictory." Gottsleben v. Annese, 482 N.J. Super. 215, 229 (App. Div. 2025). Giving all reasonable inferences to plaintiff, she has failed to meet her burden to show a genuine issue of material fact which would tend to prove that defendant breached its duty of care through an alleged lack of lighting on the stairs.

We turn to causation.

When we consider proximate cause, we ask "whether the actual harm suffered was a reasonable consequence of the defendant's actual act or

8

omission." Coleman, 247 N.J. at 355 (citing Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 503 (1997)).

To prove proximate cause, we have held that:

> [P]laintiffs bear the burden to introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.
>
> [Vizzoni v. B.M.D., 459 N.J. Super. 554, 575 (App. Div. 2019) (quoting Townsend, 221 N.J. at 60-61) (internal quotation marks omitted).]

"[A]lthough plaintiffs bear the burden of proving causation, 'they are not obliged to establish it by direct, indisputable evidence.' Instead, '[t]he matter may rest upon legitimate inferences, so long as the proof will justify a reasonable and logical inference as distinguished from mere speculation.'" Thorn v. Travel Care, Inc., 296 N.J. Super. 341, 347 (App. Div. 1997) (second alteration in original) (internal citation omitted) (quoting Kulas v. Pub. Serv. Elec. & Gas Co., 41 N.J. 311, 319 (1964)). "Proximate cause is a factual issue, to be resolved by the jury after appropriate instruction by the trial court." Maison v. NJ Transit Corp., 460 N.J. Super. 222, 234 (App. Div. 2019) (quoting Scafidi v. Seiler, 119 N.J. 93, 101 (1990)); see, e.g., Townsend, 221 N.J. at 59-60.

A-0378-24

We note that "[p]roximate cause may . . . be removed from the jury's determination if causation depends on the validity of an expert's report." Vizzoni, 459 N.J. Super. at 576 (citing Townsend, 221 N.J. at 57-58; Dawson v. Bunker Hill Plaza Assocs., 289 N.J. Super. 309, 324 (App. Div. 1996)). We have also held that expert testimony on the topic of proximate cause is necessary when it is outside a juror's common knowledge. Quail v. Shop-Rite Supermarkets, Inc., 455 N.J. Super. 118, 135 (App. Div. 2018) (citing 2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 490 (App. Div. 1994)).

Plaintiff argues that a lack of lighting is within a juror's common knowledge and an expert is unnecessary to attest to liability or causation. However, absent sufficient evidence of breach of duty, the trial court found expert testimony was necessary to testify to the interplay between the alleged dangerous or hazardous conditions on the stairs and whether a lack of lighting created an unreasonable risk of injury under the circumstances. Absent competent evidence of what the site conditions looked like at the time of the fall, and expert testimony causally connecting those conditions to plaintiff's injuries, we see no reason to disturb the trial court's finding that plaintiff did not establish causation. Plaintiff's claim cannot survive summary judgment.

A-0378-24

B.

We consider plaintiff's argument that the trial court abused its discretion when it denied her motion for reconsideration. Plaintiff argues the trial court misunderstood her theory of the case and erroneously required a liability expert as a result. We are unpersuaded.

The trial court did not misunderstand plaintiff's theory, and the record shows that it thoroughly considered plaintiff's arguments concerning the alleged lack of lighting. Plaintiff offers no support for the proposition that the trial court based its decision on a palpably incorrect or irrational basis or failed to consider or appreciate evidence submitted, and we conclude the trial court's denial of reconsideration was a proper exercise of discretion. See R. 4:49-2.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

11

A-0378-24